**Walter FOSTER, Plaintiff–Appellant,**

v.

**Jonathan R. FULKERSON; John Doe, Defendants–Appellees.**

No. 01–4093.

United States Court of Appeals, Sixth Circuit.

May 3, 2002.

Before GUY and BATCHELDER, Circuit Judges; WALTER, District Judge.*

Walter Foster, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking to overturn his murder convictions, Foster sued the Clerk of Court for Franklin County, Ohio and the Assistant Attorney General of Ohio, contending that his court records were altered to conceal the fact that he had been denied a speedy trial. Foster also complained that Ohio's Attorney General's Office had failed to promptly reply to a petition for certiorari that he had filed with the United States Supreme Court. The district court dismissed the complaint as meritless. In his timely appeal, Foster continues to argue the merits of his underlying complaint.

The district court's judgment is reviewed de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

Foster's complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under 42 U.S.C. § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.; see also Preiser v. Rodriguez*, 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus proceeding, not § 1983, is appropriate remedy for a state prisoner to attack the validity or length of his sentence).

Foster contends that his court records were altered to conceal the fact that he was denied a speedy trial. Further, he states that the state attorney general should have replied to his petition for a writ of certiorari. As a ruling on these arguments would question the validity of his confinement, these claims are not cognizable under § 1983. *Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364.

---

* The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.